Our next case is LARYNGEAL MASK CO v. AMBU Leave them there if somebody wants them Mr. Marzen May it please the court, I'd like to reserve five minutes of my time for a bottle if I may You may This appeal concerns the proper scope of a patent for an improvement to one of the greatest inventions in anesthesia since anesthetic gases in the 1840s The pioneering invention to which I refer is the Laryngeal Mask Airway It is a medical device for the passage of anesthetic gases in the air to a patient undergoing general anesthesia or in an emergency situation It's been used safely more than 200 million times It's been subject to more than 3,000 clinical papers Does the word backplate have an ordinary meaning to one of skill in the art? It has a plain meaning to one of skill in the art of basically being a back and a plate The back of the device and a plate like a Doesn't the specification make clear that it has a tube joint? It does not, your honor It uses the word tube joint all over the specification And in fact your claims originally had a tube joint in it The present invention language actually uses the word attach It does not require a tube joint or any particular method of attachment between an airway tube and the backplate Which the District Court construed in claim construction and which is not in dispute on this appeal But the specification of column 6 says the backplate has a spoon shape including a bowl and an external tube joint And further down extending through the tube joint Tube joint is all over the specification It absolutely is, your honor And I'll make the issue more difficult for me It's repeated numerous times and the figures all show backplates with tube joints However, as you pointed out, column 6 is in the detailed description of the invention It's talking about particular embodiments And circuit precedent is quite clear that mere repetition Are there other embodiments disclosed that don't have tube joints? There are two things on that Number one, there's a present invention language Which is in the summary of the invention, the first paragraph I'm sorry, summary of the invention, second paragraph I'm looking at J.A. 142, the second paragraph The paragraph begins, in accordance with the invention, referring to the present invention There is provided a laryngeal mask airway device comprising a flexible airway tube and a mask attached to one end of the airway tube So, the present invention has an attachment, but... No, so that doesn't even mention a backplate anywhere And your claims clearly cover a backplate So I don't see how... Well, the mask structure, your honor, means typically either the backplate or the backplate with the cuff So, I understand you have samples of the physical exhibits But the airway tube is attached to the backplate That's what it's attached to Your claims cover a backplate, the paragraph you're pointing to Do not define the word backplate in any way Yet, the very next section, also in the summary of the invention, column 2 Does, in fact, talk about column 2, line 32 It does say, in accordance with the preferred aspect of the invention It talks about the backplate, but then it goes on to explain the tube joint I assume that you'll say that that's, again, also just the preferred embodiment somehow But I don't see anywhere where a backplate is discussed Without mention of a tube joint Not just a backplate, you know, said to exist without a tube joint But I don't see anywhere, every single place where the backplate is mentioned in this patent Whether it's in the summary of the invention, or the detailed descriptions, or in the figures, or elsewhere It's always discussed to have this joint So, yes? You're absolutely right, that all the preferred embodiments mention backplates with tube joints But I don't see any disclosure in the summary, the background, anywhere, of something without a tube joint Well, Your Honor, there are two things Number one, in the summary of the invention, the present invention language talks about attachment And the second thing I'll add, which is also, I think, equally important The present invention, tell me, I'm sorry, what are you referring to? On J142 We're on the patent. Column 1, what line? Column 1, the line 58 The attached language That's talking about attaching a flexible airway tube to the mast That mast structure is the backplate In fact, that's column 1, line 64, isn't it? The mast structure, or backplate Yes, and Your Honor, you're absolutely right In the portion you were citing, as you mentioned, that is a preferred aspect of the invention And that was talking about the indentation invention, which is one of four inventions in this patent There are continuation patents discussing other inventions, but that's not this one But what you're saying, we see this all the time Where a drafter of a patent uses the word preferred And says, that means my invention isn't limited to that embodiment But doesn't disclose anything else So preferred, essentially, when you look at the whole spec, means only Well, but not in this specification Because the present invention language is broader And if I might mention the other thing that should remove any doubt Well, hold on Is the prosecution history Counsel, but it says in the preferred aspect, the mast structure or backplate But that doesn't help us to define what the word backplate means It's the mast structure or backplate But we still have to figure out, well, what does that entail? Right, in the district court And I didn't see any evidence presented by you in the form of expert testimony Or otherwise, not even a dictionary And in fact, when I went online, the only definition of backplate had to do with scuba diving gear So it's clearly not relevant to this technology So I don't see any evidence that would suggest the word backplate has a common meaning And the only meaning I get out of the context of this patent is something with a tube joint So where am I going wrong? I mean, didn't you have an obligation if there's some plain meaning That it doesn't include a tube joint to offer something to establish that? Well, we... You were going to tell us about the prosecution history Which is pretty enlightening here I... Would you go ahead and address that? Yeah, the prosecution history If there's any doubt about whether backplate must include a tube joint It's, I think, resolved by the inventor's removal of tube joint during the prosecution history And he did that because the cuff reinforcement invention doesn't require a tube joint, right? Exactly right But you had tube joints because that was part of earlier inventions Which you had to disclaim because of a requirement imposed on you by the patent office, is that right? Exactly right, your honor The patent office required us to... So the reason you have tube joint all the way through is because you were claiming that earlier, weren't you? Absolutely, your honor And then they forced you to narrow your invention You couldn't claim four, you could only claim one of the inventions You chose the cuff reinforcement And that doesn't require a tube joint Absolutely right So the prosecution history, the attached language, and the one other third thing I would offer in response is What Phillips stated on Bonk is you start first in substantial guidance is provided by the language of the claims In fact, the claims define the invention, not the specification which describes the enabling embodiments, right? Absolutely right And what's telling here is, again I won't cite the JA, but it's 146, column 10 of the patent, claim one Which cites a laryngeal mask airway device comprising, and there are only two things It's a back plate and an inflatable cuff There's no airway tube that's listed, so there's nothing that needs to be joined together Please remind me, I don't remember exactly where it is, but I did look at the prosecution history And I may be recollecting this, so correct me if I am I thought there was a restriction requirement imposed, and then much later in time you eliminated the tube joint limitation I didn't think that it was in direct response to the restriction requirement, but I might be wrong So I want you to correct my recollection of the prosecution history Because I don't have it marked here, and so I don't remember which page it's on In fact, this isn't even it Well Judge Moore, you're absolutely right that there is a length of time between the patent application and the issuance I believe the patent was applied for in 1999, and it was issued in early 2007 The inventor was required to choose The initial choice the inventor made was to go with a different invention The indentation invention, and you have all the tube joint issues Then the invention went with another version of the cuff reinforcement invention And finally went with what is currently issued as Claims 1 through 6 But the general point is absolutely correct As Judge Rader mentioned, a choice was required to be made The initial citation of the tube joint as being a limitation or part of the back plate Was only in connection with the indentation invention The passage that you quoted about the preferred aspect of the invention And that was disclaimed, and the tube joint was removed The claims were broadened to the full extent of the present invention Did any action by the examiner prompt the removal of the tube joint limitation? Well, indirectly yes, because ultimately when the inventor decided to go with an invention other than the indentation invention The tube joint was not relevant That's why the present invention language says attached The invention here is a reinforcement of the cuff That's the leading edge, the laryngeal mask That invention is entirely agnostic as to how the back plate or mask is attached to the airway tube It just doesn't matter The point is to reinforce the leading edge so that it doesn't fold over on insertion You can have it attached with integral molding as the accused devices do With heat fusion, with a sleeve joint, butt joint, anything you want What about the written description argument? The patent is invalidated for a failure of written description? Yes, that is one of the two bases in the judgment And in our view, a complete written description of the claimed invention Is provided in column 8 of the patent, beginning on line 9 The written description discloses the thickening, what to thicken, and where to thicken Precisely what is claimed in independent claim 1 And we can compare The written description states, and I quote The distal rib 105A may be effectively constituted by thickening of the posterior wall of the distal region, 60A Of the inflatable main cuff, 55A By comparison, independent claim 1 tracks the language almost exactly Quote, at least a portion of the posterior portion of a wall of the cuff in the distal region Being thicker and stiffer than the other portions of the cuff The claim very closely tracks the written description Talking about the thickening, the posterior portion of the cuff wall And it's in the distal region And the district court did not really disagree that a thickened cuff wall was described Where the district court erred was when it required the patentee To describe expressly an unconnected thickened cuff wall But as this court has held in Portis and Lampe You can disclose the genus and not have to disclose included species In this case the genus is a thickened cuff wall And the two species are connected and unconnected And the genus is disclosed And the species need not be separately enumerated Mr. Marsden, you're into your rebuttal. You want to state something? Yes, sir. Yes, Your Honor. Thank you so much Thank you. Ms. Morrow? Thank you, Your Honor And with me in court today is Mr. Oluwakunka Director of Legal Affairs and Intellectual Property from ANVU-AS First, with regard to the court's questions on the construction of backplate There is no evidence of an ordinary meaning for backplate In the field of medical devices generally There is also no dictionary definition of an ordinary meaning that would apply here When we looked for a dictionary definition We got armory and scuba diving and locksmithing as instances of backplate So what we're left with is a situation where we do have the specification To specifically understand what a backplate means And whether it includes tube joint Which was in the original claims and was removed Exactly. And with regard to the prosecution history point, Your Honor The amendment was not made in direct response to a restriction The amendment to remove the tube joint language Was made in a set of new claims that were drafted After our client introduced its first product So it was an attempt to define essentially a new invention Based on the same specification It was a prior version of my client's product What does a tube joint have to do with the cuff reinforcement invention? Well, the claim doesn't recite just the cuff reinforcement The claim also recites the backplate that defines passage It recites that the backplate provides an opening And a mask so that air can go through the cuff And it also recites the passage and says that the passage But a tube joint is just a manufacturing choice, isn't it? You could have it molded as one unitary piece Or you could later attach a tube, right? This is just manufacturing choice Which anyone of skill in the art In fact, you probably don't even have to be of skill in the art To understand that you can attach a tube in a variety of ways Or you can just mold it at the outset with a tube  It says backplate defining a passage And the second element of the claim does make clear That it includes both the opening through the mask But where in the claim is there a tube joint? The claim does not reference the tube joint The claim just says that the backplate defines a passage And so then we need to look to the specification To determine how the specification explains that passage And there are specific instances I'd like to cite to the court on that For example, at column 4, line 42 of the specification In what the applicant calls the detailed description of the invention Not of a preferred embodiment It says that the device establishes a freely external accessible ventilation passage Via the airway port in the backplate where the airway tube connects And it has similar language at column 6, line 34 It explains that the bowl of the backplate And this is the passage Judge Lurie referred to A backplate defining a passage That's all the prior art, isn't it? But what it says is that it opens That's all in the prior art, isn't it? This is very well known It's a tube that brings air That isn't very difficult A tube bringing air may not be very difficult Establishing the correct passage through a laryngeal mask All of that's in the prior art, right? Was the subject of Dr. Brain's prior patent Dr. Brain wrote in here that what he was doing in the summary of invention Was providing information So anyone of skill in the art knows how to get air into a mask, right? This isn't rocket science But he didn't claim a generic mask He did not claim any laryngeal mask device No, we're looking at a cuff reinforcement Where an improvement is just a reinforcement We're trying to solve the fold-over problem, right? Isn't that what we're looking at? But he elected to claim the structure And he elected how much of the structure From his prior device to carry through into the claims He could have made just an improvement claim to a reinforced cuff He didn't He made a claim to a backplate defining a passage And explained that a passage provides an opening to the larynx And a further passage to the airway The specific way in which he designed his backplate Was something that includes a tube joint to make that junction How about in the summary of the invention? There are other connection mechanisms In the summary of the invention, the second paragraph In accordance with the invention there is provided, etc. It doesn't mention a tube joint there It does, it mentions the flexible airway tube Which is the airway tube And a mask attached to one end of the airway tube And so that is the attachment point And later he explains that The way he accomplishes that attachment Described in the summary of the invention Is with this backplate Which has this integral structure With the bowl shape, the hole for the air And the tube joint to provide the passage That is recited in the claim In other words, you're saying column 1, lines 56, etc. Is only a broad statement of the invention Not including all aspects of it That's correct, your honor And it doesn't specify a tube joint And the claims that define the invention Don't specify a tube joint And a tube joint is probably so elemental  It's very important, is it? Well, if this was not important You're seizing on something that has Almost nothing to do with the invention To try and avoid the invention, aren't you? No, it's vitally important to the invention That there be an opening through which air Air has to get into the mask, clearly Is that something that any Is that the invention of this patent? No, he's claiming the combination of that invention With some improvements In order to try to extend his basic patent On the basic invention He didn't need to include Those other structural features He could have dropped them Instead, he recites the backplate And he recites the passage What about written description? One brief point on the prosecution history And then I'll move to the written description With the court's permission He did not remove entirely the structure That requires the tube joint What he did was say Instead of reciting a backplate with a tube joint He recited a backplate with a passage Given that the only thing that he teaches In his specification to form that passage Is this tube joint One would submit that he has not made Such a radical broadening of his claims As the other side would suggest And in fact, that language Does not support the notion That the tube joint has been abandoned Because its function is still present And in addition, the specification Is very clear on this point With regard to the written description point What has happened here is that We have a scenario where there are Exactly two embodiments Of the distal reinforcement of the cuff Figures 1 through 9 of the patent Figure 1 is described as The device of the invention 1 through 9 all have Exactly the same device in it Which is a device where there is A physical extension from the cuff That pierces the cuff What about column 8, line 9 through 13 Which explains that The distal rib may be Effectively constituted by A thickening of the posterior wall Of the distal region Of the inflatable main cuff Why isn't that adequate? That's not adequate because It doesn't actually teach Either a structure that is Detached from the backplate Or a structure that is formed By thickening the cuff If you look at that section Starting in column 7 It's a description from figure 10 And it explains that In this version Which starts at the bottom of column 7 The distal rib 105A Of the backplate 52A Is applied to the posterior surface Of the distal region of the main cuff As shown in figure 10 And so what it's doing Is providing a physical Abutment over the cuff That reinforces the cuff in that area I.e. it's applied to the posterior Surface of the cuff But it's not part of the cuff It then explains that It has this convex surface So that it can map To the shape of the cuff So it is a different device Than the cuff And not part of the cuff thickening When it says It effectively constitutes But column 8 says Thickening of the posterior wall Of the distal region Of the inflatable main cuff That's what column 8 says It says the distal rib 105A May be effectively constituted By thickening of the posterior wall Of the distal region It doesn't say That it is a thickening Of the wall in that area They don't have to say For written description They just have to show The inventor possessed the invention And why isn't it adequate That it says It may be done this way Because he doesn't actually ever teach The thickening of the actual cuff If you go reading on down column 8 He doesn't have to teach The purpose of it All he has to do is say Thickening of the posterior wall Of the distal region Of the inflatable main cuff How does that not satisfy Written description Of at least a portion Of the posterior wall Of the cuff In the distal region Being thicker and stiffer Than other portions I mean he says thickening Of the wall So I think that there were two issues Almost identical language I think there were two distinct issues Addressed here One is whether you can achieve This device without a separation And second whether there is any teaching In the specification Of achieving this device With the thickening of the cuff In the language That the court has just referred to It's all with reference To the same embodiment On figure 10 Where it shows only A distal extension Of the back plate That neither thickens the cuff Nor is made of the cuff material If you go on down No, no counsel Counsel The sentence says The distal ridge May be effectively And then it goes on to say Thickening this portion of the cuff And as shown Therefore in figure 10 It goes on to say Distal bull extension So when it says it may be I mean isn't it reasonable To say that this is something You may do But not necessarily Exactly what is pictured In figure 10 Our reading of that language Is that the effectively Constituted is explaining That it acts as if It were a cuff thickening Not that it is A thickening of the cuff And if you go down further And call me Now this is a question of fact Right I was kind of Going the same place This is a question of fact The other side has put An extensive expert testimony That a person of skill in the art Would read this And clearly see that One possesses a thickening Of the mask To avoid the fold over problem So how Why isn't there At a minimum A factual problem for you Well the question is The court is to be a gatekeeper In terms of the expert material That actually goes to a jury And the question is Whether that opinion Based on But you can't just Ignore Issues of fact You can't ignore Genuine issues of fact You have to show That there is No issue of fact In order to reach Summary judgment Correct your honor And with regard to that We would submit to that A portion of a sentence fragment Is not enough To base an opinion on  Could rely on With regard to this But they didn't have that They had an expert witness Who substantiated That one of skill in the art Would find this easy And frankly I find it easy And I'm not even Of skill in the art I'm trying to figure out What the disconnect is I don't believe that there I think that there's There is a limit your honor With regard to expert testimony An expert could come in And say The specification says That the tube joint Is made of blue cheese And obviously The court would not He didn't say that He said it was a thickening And that it's a cuff Reinforcement invention And that one of skill in the art Would not only understand That they possessed it They'd know how to do it It was fully enabled He did But he was creating A third embodiment From a patent that says It has only two embodiments From a sentence fragment Where does the patent say We only have two embodiments In the description of the drawings It indicates that there are That's a description of the drawings And the embodiments shown But this is This sentence specifically says It may be modified In this other way I mean I think Why don't we move on Really quickly To the doctrine of equivalence Because the one problem I have is Even if you are correct In your claim construction I'm finding it difficult To conclude There could be no Doctrine of equivalent Infringement Between this And this I mean it's just a joint That joins these things There's I don't see why There couldn't be Doctrine of equivalence Infringement So I found that part Of the district court's opinion Kind of difficult to understand So why don't you explain Why the district court Held summary judgment Of no doctrine Of equivalent Infringement And again it's fact And they've got Dr. Rosenblatt And Herb Diallo Certainly Extensively testifying That there's Plenty of factual issues But we do need to look At what they actually said In their reports So if you look At the structure   What the plaintiff Identified as the equivalent Of the tube joint Is a bite guard It is a cylindrical insert That is on the inside Of the tube joint And it is It does not Abut any part Of the exterior Surface of the cuff It is Let me make sure I understand something Because I thought Basically You've got a Potentially three piece Device One Two Three Maybe four If you want to consider This joint Something separate And here You just have Basically This molded piece Which maybe is one piece Doing the job Of two pieces here The one piece Does the job Of two And under our Case law In the Doctrine of equivalence Our case law Seems to allow For that possibility That is why I am But what we are Supposed to be Looking at Is not the devices As a whole We are supposed To be looking At the individual Elements The individual Element is the Tube joint Which the District And where is The tube joint In the claim It is the element Of the claim I apologize Your honor I misspoke It is the back Plate Which the District Court Held Included The tube Joint If you look At the Green Ambu Device In front Of you Towards the Airway End Of the Device Is a Reinforcement That prevents The device From kinking When it is In the Patient's Mouth It is At the Other end Of the Device Than all The other Features That the Court Referenced It is Back here In the Shaded Region But why Do they I don't Understand Why one Molded Piece Can't Replace The tube Joint For Doctrine Of Equivalence Purposes Okay But what We have To do Is look At what They Specifically Argued Which was Not the Entire Device No I Thought They Argued They Have Two Arguments A One Is the Molded Airway Tube Yes Your Honor The Court Concluded That there Was no Equivalence Because of The Absence Of A Tube Joint If The Court Wants To Revisit That On A Joint Appendix Page 788 But that's Not really Fair    They Said In Light Of The Specification That One Of The Joint Appendix Was Contended By Both Parties And The Court Concluded        Both Parties And The Court Concluded That The Joint Appendix Was Contended By Both Parties And The Court Concluded That   The Joint Appendix Was Contended By  Parties And The Court Concluded That One Of The Joint Appendix Was Contended By Both Parties And The Court Concluded